EASTERN DIST.
*March,* 1835.

THAYER
*vs.*
PAGE ET AL.

ent. Incapacities and disabilities are creatures of the law, and may at any time be removed or modified by it *eadem modo.*

</div>

═══════════

## THAYER *vs.* PAGE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where claimants are in possession of property attached, it lies on the attaching creditor to show title in the defendant.

Where the whole matter is left to the jury, who, under instructions from the court, of which the adverse party did not complain, find a verdict against them, and where even the evidence leaves the case doubtful, the verdict will not be disturbed.

This is an action to recover from Page, as endorser of a promissory note, the sum of one thousand nine hundred and thirty-nine dollars forty-four cents. The plaintiff alleged that the defendant was an absentee, but had property in the state, and was part owner of the steam-boat Baltic, which he caused to be attached, in the hands of the other owners, who claim the entire ownership of the boat.

R. Miller and others, residing in Pittsburg, Strader & Co. and Baird & Baldwin, residing in Louisville, Kentucky, intervened and claimed the Baltic as their property, alleging that Page is not, and was not at the time of the attachment,

a part owner of said boat. They pray to be .decreed the true owners, and for judgment against the plaintiffs for damages and costs. The counsel appointed to represent the absent defendant pleaded a general denial.

The plaintiff proved his claim against the defendant, Page. To prove the interest of the latter in the steam-boat Baltic, he gave in evidence the enrolment of the boat on the 14th of February, 1833, at Louisville, Kentucky, by which it appeared Haines & Geddes, of New-Orleans, were part owners, and that Baird & Baldwin were not named.

Two letters of Page, the defendant, to Haines & Geddes, written from Louisville, in January, 1833, giving a long statement of his pecuniary affairs, were also in evidence to prove his interest in the steam-boat. He remarks, that he " must protect a bill of J. B. Page, for four thousand four hundred and fifty dollars. Now, to do this, I have got a regular transfer of one-fifth of the steam-boat Baltic, made out at the custom-house, this day, to you, by Baird & Baldwin, (I think I told Mr. Geddes, that I was *one-fifth owner*, but that it was in Baird & Baldwin's name,) which bill of sale and transfer I now send to you and wish you to enclose to me two bills of exchange, one for two thousand, and one for two thousand five hundred dollars, drawn on Haines & Geddes, by John Geddes, both to the order of Dearborn & Co. I do not wish you to think that I wish you to become the *purchaser of one-fifth of the Baltic.* I only want to keep things snug between us, and safe under all circumstances, and am taking this course to save John's bill. The Baltic leaves this for New-Orleans, in the early part of next month ; when you see her, you will not be ashamed to be called an owner. She is a very fine boat and worth twenty-eight or thirty thousand dollars."

On the 15th February, 1833, Page writes as follows, to Haines & Geddes : " Baird & Baldwin will be sustained and go on with their business. I do not know how soon I may come to an arrangement with the bank, but not until I know the extent of my losses and not until I am out of responsibilities. The Baltic goes down with a full cargo

*and her papers making you one-fifth owner.* I hope you have sent me the two bills for two thousand, and two thousand five hundred dollars, to enable me to pay A. W. & Co's bill. It is not due until March," &c.

The intervenors offered evidence to show the title of the boat was in them at the time of the seizure.

The cause was submitted to a jury. The court instructed them, that if they believed Page was the real owner of any portion of the steam-boat Baltic at the period of seizure under the attachment, their verdict ought to accord with that belief.

The jury returned a verdict for the intervenors. Judgment was rendered declaring the intervenors to be the true owners of the steam-boat Baltic. The plaintiff, after an unsuccessful attempt to obtain a new trial, appealed.

*Worthington,* for the plaintiff.

*Preston, contra.*

*Bullard, J.,* delivered the opinion of the court.

The plaintiff having sued S. K. Page, an absentee, caused an attachment to be levied on the steam-boat Baltic, as the property of his debtor. Miller and others intervened and claimed the steam-boat as their sole property and prayed for its release. The case, as between the attaching creditor and the claimants, was tried by a jury, and judgment being rendered in their favor, the plaintiff appealed.

*Where claimants are in possession of property attached, it lies on the attaching creditor to show title in the defendant.*

There is no evidence to show that Page was ever in possession of the boat or exercised any control over it as owner or part owner. But it is contended by the appellant, that the share which appears in the enrolment of the boat, as the property of Haines and Geddes, belonged in fact to Page, and was held by them for Page, under a transfer from Baird & Baldwin. It seems probable, that Page was desirous of procuring from Baird & Baldwin, a transfer of a part of their interest in the boat to Haines & Geddes, with a view of procuring a credit with that house. But it is expressly shown

*Where the whole matter is left to the jury, who under instructions from the court of which the adverse party did*

18

EASTERN DIST.
*March,* 1835.

that they declined to accept such a sale and transfer. Whether Page was really interested in the boat, and his interest covered under the name of Baird & Baldwin, is left perhaps doubtful. But the whole matter was left to the jury, who *under instruc-* tions from the court, of which the appellants do not complain, found for the claimants, and their verdict is not so clearly contrary to the evidence as to authorise us in disturbing it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.